UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SALAMI,

    Plaintiff,                                    Hon. Janet T. Neff

v.                                                     Case No. 1:20-cv-1247

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

For the reasons discussed below, and pursuant to 28 U.S.C. § 636(b)(1)(B), recommends that the present action be dismissed for failure to prosecute.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to

cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999). Consideration of these factors leads the Court to recommend that Plaintiff's claims be dismissed.

Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." Plaintiff was previously an inmate in the custody of the MDOC, but was released from custody on May 25, 2021. *See* Michael Salami, available at https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=879045 (last visited on June 30, 2021). On May 27, 2021, an Order which the Court attempted to mail to Plaintiff was returned to the Court as "Not Deliverable as Addressed, Unable to Forward." (ECF No. 20). On June 2, 2021, the Court issued an Order directing Plaintiff to "show cause why this matter should not be dismissed for failure to prosecute given her failure to properly inform the Court of her current address." (ECF No. 21). The Court mailed this Order to an address Plaintiff provided in a recent pleading in another matter. As the Court indicated, "while the Court can surmise that this represents Plaintiff's current address, it is Plaintiff's responsibility to formally inform the Court of her current address." (*Id.*). Plaintiff has neither responded to the Order to Show Cause nor notified the Court of her current address. This is a willful failure by Plaintiff which prejudices Defendants' ability to defend against Plaintiff's claims.

## CONCLUSION

For the reasons articulated herein, the Court recommends that this action be dismissed with prejudice for Plaintiff's failure to prosecute.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 9, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge